Submitted December 19, 2016, reversed May 3, 2017

In the Matter of K. A. L.,
a Person Alleged to have a Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

K. A. L.,
*Appellant.*

Lane County Circuit Court
16CC02704; A162194

396 P3d 966

Marc Friedman filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh H. Shah, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

## PER CURIAM

Appellant seeks reversal of a judgment committing her for a period not to exceed 180 days. ORS 426.130. In her first assignment of error, appellant argues that the trial court did not have the authority to commit her while a prior commitment order was still in effect. The state concedes the error. Because, as explained below, we accept the state's concession, we do not reach appellant's second assignment of error.

Appellant was committed in Yamhill County on February 24, 2016, for a period not to exceed 180 days. She was released on a "trial visit" to Lane County under the Yamhill County commitment order. *See* ORS 426.273 (during a period of commitment under ORS 426.130, a patient may be granted a trial visit under conditions established by the Oregon Health Authority). On May 2, 2016, Lane County sought a new commitment order based on appellant's conduct during her trial visit. It believed that it could obtain a new order because the Yamhill County order had not been "successfully" transferred to Lane County. The Lane County trial court entered a new judgment committing appellant for a period not to exceed 180 days, which effectively caused appellant to be subject to a commitment period of more than 180 days when combined with the Yamhill County order.

Appellant's trial visit in Lane County was governed by ORS 426.275. That statute provides a procedure for revoking a trial visit if a patient fails to adhere to the conditions of the trial visit, and also provides for the transfer of jurisdiction between counties if the person is living in a county other than the county that established the current period of commitment. Lane County failed to proceed as required by that statute. The commitment statutes also do not contemplate that a new commitment period can be ordered when a current period of commitment is not about to expire. *See* ORS 426.130 (the period of commitment may not exceed 180 days); ORS 426.301 (at the end of a 180-day commitment, a person shall be released unless the Oregon Health Authority certifies that the person is in need of further treatment and provides that certification to the person); ORS 426.307 (providing a hearing to a person who protests

continued commitment under ORS 426.301). Thus, we agree with and accept the state's concession that the trial court lacked the authority to proceed as it did, and we reverse the judgment of commitment.

Reversed.